IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LARAISHA JONES and<br>LAZITA JONES, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | No. 4:18-cv-0612-DGK |
| v. | )<br>) | |
| CANYON CREEK APARTMENTS, LLC, | )<br>) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO REMAND

This personal injury lawsuit stems from allegations that drywall in the ceiling of the apartment Plaintiff Laraisha Jones rented from Defendant Canyon Creek Apartments, LLC, was negligently installed, causing the ceiling to suddenly collapse and injure Laraisha Jones and her sister, Plaintiff Lazita Jones.

Plaintiffs filed this case on June 20, 2018, in the Circuit Court of Jackson County, Missouri, and Plaintiff served Defendant with it on July 12, 2018. On August 10, 2018, Defendant removed the case to federal court by invoking the Court's diversity jurisdiction.

Now before the Court is Plaintiffs' Motion to Remand (Doc. 6). Plaintiffs argue the Court lacks diversity jurisdiction to hear this case because the amount in controversy does not exceed $75,000. Finding that each Plaintiffs' damages might exceed $75,000, the motion is DENIED.

**Standard**

A state court action may be removed by the defendant to federal court if the case falls within the original jurisdiction of the district courts. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the district court must remand the case to the state court from which it was removed. *Id.* § 1447(c). The burden of establishing federal

jurisdiction is on the party seeking removal, *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993), and all doubts are resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

A case falls within a district court's original diversity jurisdiction if the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The party invoking federal jurisdiction bears the burden of proving the requisite amount by a preponderance of the evidence. *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005). The removing party need not prove that "the damages *are* greater than the requisite amount," but that "the claims . . . could, that is might, legally satisfy the amount in controversy requirement." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (citations omitted).

Whether the amount in controversy requirement is met is determined by looking at the complaint as of the time the notice of removal is filed. *Halsne v. Liberty Mut. Group*, 40 F. Supp. 2d 1087, 1089 (N.D. Iowa 1999). When it is not facially apparent whether the amount in dispute exceeds the jurisdictional threshold, a court may look at other material submitted by the defendant. *See Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) ("The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper.")).

**Discussion**

Plaintiffs argue the Court lacks jurisdiction because the amount in controversy does not exceed $75,000. They contend the jurisdictional amount is not satisfied because on March 26,

2018, they sent Defendant a letter offering to settle for $55,000, and thus "doubt exists" as to whether the amount in controversy exceeds $75,000. Mot. at 4.

Defendant responds by noting that Plaintiffs' Petition states that they "sustained severe, permanent, progressive, painful and disabling injuries to their heads, necks, and backs requiring significant pain management, testing, and therapy;" that their "injuries, pain and damages are permanent, disabling and progressive;" and that in addition to the medical expenses they have already had to pay, they "will continue to incur expenses in connection therewith in the future" Pet. at ¶¶ 13-14 (Doc. 1-1). Plaintiffs also seek damages for pain, emotional distress, loss of capacity to provide assistance to their households, lost opportunities, and loss of enjoyment of life. Pet. at ¶ 16. Defendants also observe that in their settlement package Plaintiffs stated they intended to seek damages in excess of $55,000 per plaintiff, and they expected a jury would "award many times over the medical specials to compensate them for their loss." Letter dated March 26, 2018, at 4 (Doc. 7-1). Finally, Defendant submitted reports of eleven jury verdicts in personal injury cases from Jackson County, Missouri, from 2013 to the present showing that it is not uncommon for juries in this area to award damages in excess of $75,000 in personal injury cases where little or no special damages are claimed.

In their reply brief, Plaintiffs do not contest Defendant's evidence.

The Court finds Defendant has carried its burden of showing by a preponderance of the evidence that a jury might award each Plaintiff more than $75,000, so the amount in controversy requirement is met.

## Conclusion

Plaintiffs' Motion to Remand (Doc. 6) is DENIED.

**IT IS SO ORDERED.**

Date: October 29, 2018            /s/ Greg Kays
                                  GREG KAYS, CHIEF JUDGE
                                  UNITED STATES DISTRICT COURT